IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, as Broadcast Licensee of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program, <br><br> Plaintiff, <br><br> v. <br><br> ROEL ALVAREZ, individually, and d/b/a LIENZO LAS ISABELES, and d/b/a LIENZO CHARRO LAS ISABELES; <br><br> Defendant. | § § § § § § § § § § § § § § § | Civil Action No. 7:20-cv-00271 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") files *Plaintiff's Original Complaint* against Defendant Roel Alvarez, individually, and d/b/a Lienzo Las Isabeles, and d/b/a Lienzo Charro Las Isabeles ("Defendant").

PARTIES

1. Plaintiff. G&G Closed Circuit Events, LLC, as Broadcast Licensee of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2. Defendant. Roel Alvarez is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant:

   A. owned and/or operated the establishment known as Lienzo Las Isabeles and located at 2720 E. Mile 15 N. Road, Donna, Texas 78537 (also commonly known as 2720 Anderson Road, Donna, Texas 78537) (the "Establishment");

   B.  held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

   C.  had a right and ability to supervise the activities of the Establishment; and

   D.  had an obvious and direct financial interest in the activities of the Establishment.

Defendant may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 2720 E. Mile 15 N. Road, Donna, Texas 78537 (also commonly known as 2720 Anderson Road, Donna, Texas 78537); or at 804 Billman Road, Donna, Texas 78537.

## STATEMENT OF JURISDICTION

3. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

## VENUE

4. Venue is proper in this District because Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF THE CLAIM

5. <u>Authorization to License Event</u>.  Plaintiff is the license company exclusively authorized to sub-license the closed-circuit telecast of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program, including undercard or preliminary bouts, (collectively the "Event")[1] at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

---

[1] One of the bouts for the Event included the fight between Gennady Golovkin and Saul Alvarez, which was the main event.

6. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

7. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

8. <u>Exhibition of the Event</u>. The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

9. The transmission of the Event was available to Defendant to purchase for broadcast in the Establishment. Had Defendant chosen to purchase the Event, Defendant would have been authorized to receive, transmit and publish the Event in the Establishment. Defendant did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

10. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

11. On September 16, 2017, either by satellite transmission or through unauthorized receipt over a cable system, Defendant willfully intercepted or received the interstate communication of the Event. In the alternative, Defendant assisted in the receipt of the interstate communication of the Event. Defendant then transmitted, divulged and published said

communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

12. Defendant misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendant's actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

13. Defendant enabled the patrons within the Establishment to view the Event to which neither Defendant nor the Establishment's patrons were entitled to do.

14. The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

15. Defendant was not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

### VIOLATION OF 47 U.S.C. § 553 OR § 605

16. Defendant's wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553, or Section 605.

### DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendant for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f) Pre and post-judgment interest at the highest rate permitted by law; and

(g) Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: *[signature]*
David M. Diaz
State Bar No. 24012528
Southern District Bar No. 889588
david@diazlawtx.com
Attorney-in-charge

LAW OFFICES OF DAVID DIAZ, PLLC
825 Watters Creek Blvd.
Building M, Suite 250
Allen, Texas 75013
(972) 996-4588 – Telephone

ATTORNEY FOR PLAINTIFF